# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DURLAND,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>FIELDSTONE MORTGAGE COMPANY;<br>LITTON LOAN SERVICING LP; et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 10 CV 125 JLS (CAB)<br><br>**ORDER: (1) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE; (2) GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; (3) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 5.) |

　　　　Presently before the Court is Defendant Litton Loan Servicing LP's[1] ("Defendant Litton") motion to dismiss Plaintiff Joseph Durland's complaint. (Doc. No. 4.) Also before the Court is Plaintiff's opposition and Defendant Litton's reply. (Doc. Nos. 6, 7.) For the reasons stated below, the Court **HEREBY GRANTS** Defendant Litton and Plaintiff's requests for judicial notice and **GRANTS** Defendant Litton's motion to dismiss.

## BACKGROUND

　　　　This action arises out of an alleged note, loan and security interest obtained by Plaintiff Joseph Durland from Fieldstone Mortgage Company, loan # 1510987922 (the "loan"). (Doc. No. 1 ("Compl."), ¶¶ 4, 12.) The loan was obtained on or about October 6, 2006 to refinance real

---

[1] The other Defendants have not been served in the matter and are not parties to the motion to dismiss.

property owned by Plaintiff in Valley Center, CA (the "subject property").  (*Id.* ¶¶ 1, 12.)  Plaintiff commenced this action by filing a complaint in this Court on January 15, 2010, asserting twelve causes of action: (1) Violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (2) Violation of Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601; (3) Violation of Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692; (4) Violation of Rosenthal Fair Debt Collections Practice Act, Cal. Civ. Code § 1788; (5) Violation of Cal. Civ. Code § 2924; (6) Violation of Cal. Civ. Code § 2923.6; (7) Unfair Competition under Cal. Bus. & Prof. Code § 17200; (8) Negligent Misrepresentation; (9) Fraud; (10) Rescission; (11) Quasi-Contract; and (12) Determination of Validity of Lien.  (Doc. No. 1.)

On March 23, 2010, Defendant Litton Loan Servicing LP, the only Defendant served in the action, filed a motion to dismiss.  (Doc. No. 5; *see also* Doc. No. 4.)  On April 22, 2010, Plaintiff filed a response in opposition to the motion.  (Doc. No. 6.)  Defendant Litton filed a reply on April 29, 2010.  (Doc. No. 7.)  The hearing on the motion set for May 6, 2010 was thereafter vacated and the matter was taken under submission without oral argument.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## DISCUSSION

### I.   Requests for Judicial Notice

As a threshold matter, Defendant Litton requests that the Court take judicial notice of the following documents: the Deed of Trust which encumbers the subject property at issue, the Notice of Default and Election to Sell under that Deed of Trust, the Notice of Trustee's Sale, and the two alleged Qualified Written Requests sent to Defendant Litton and Defendant Litton's response to the first QWR. (*See* Doc No. 4-1, Def. Request for Judicial Notice ("Def. RJN").)

"A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

1  physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th
2  Cir. 1998) (quotation omitted).  Also, "a district court ruling on a motion to dismiss may
3  consider a document the authenticity of which is not contested, and upon which the plaintiff's
4  complaint necessarily relies." *Id.* at 706.  The complaint in this matter either references or
5  necessarily relies upon each of the documents for which Defendant seeks judicial notice.  The
6  authenticity of the documents has not been challenged and Plaintiff does not oppose the request
7  for judicial notice.  Accordingly, the Court **HEREBY GRANTS** Defendant Litton's request for
8  judicial notice.

9  Further, Plaintiff requests judicial notice of two documents submitted in support of its
10 opposition, the Notice of Right to Cancel and an October 2006 calendar.  *(See* Doc No. 6-1, Pl.
11 Request for Judicial Notice ("Pl. RJN").) For the same reasons as above, the Court **HEREBY**
12 **GRANTS** Plaintiff's request for judicial notice.

13 **II.    Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605**

14 Plaintiff's first cause of action is for violation of RESPA, 12 U.S.C. § 2605, and is
15 alleged against Defendant Litton only.  The basis for Plaintiff's RESPA claim is that Defendant
16 Litton failed to adequately respond to Plaintiff's Qualified Written Requests ("QWR") for
17 information regarding the loan and for an opportunity to work out the loan.  (*See* Compl. ¶¶ 36-
18 44.)  Plaintiff asserts that he sent a QWR to Defendant Litton on October 16, 2008 and January
19 6, 2009 and that Defendant Litton failed to "fully respond" and provide the requested
20 information within 60 days as required by RESPA, 12 U.S.C. § 2605.  (*Id.* ¶¶ 37, 39, 40, 42.)
21 The Court **GRANTS** Defendant Litton's motion to dismiss this cause of action.

22 Plaintiff conclusively alleges that both purported QWRs satisfy "the statutory
23 requirements of a QWR under 12 U.S.C. § 2605(e)(1)(B) and 12 C.F.R. 3500.21(e)(2)(i)."
24 (Compl. ¶¶ 38, 41.)  This conclusory allegation does not establish that the alleged QWRs are
25 indeed QWRs pursuant to 12 U.S.C. § 2605(e)(1)(B).  As such, the Complaint on its face does
26 not allow the Court to find that Plaintiff's claim for relief is plausible.  *Iqbal*, 129 S. Ct. at 1949;
27 *see also Lincoln v. GMAC Mortgage, LLC*, 2009 WL 5184412, at *2 (C.D. Cal. 2009). However,
28 the Court has taken judicial notice of the two QWRs sent to Defendant Litton.  (*See* Def. RJN,

Exs. 4, 5.) These documents make up for the alleged deficiencies in Plaintiff's complaint and do plausibly support a finding that the purported QWRs "include[], or otherwise enable[] the servicer to identify, the name and account of the borrower." 12 U.S.C. § 2605(e)(1)(B)(i). Further, the judicially noticed documents plausibly illustrate that the alleged QWRs "include[] a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B)(ii). Thus, the Court will not grant Defendant's motion to dismiss based on inadequate factual support that the alleged QWRs are in fact QWRs under the statute.

That said, to allege a claim under RESPA, Plaintiff must allege that Defendant's failure to adequately respond to the QWR(s) resulted in "actual damages to the borrower" and "any additional damages . . . in the case of a pattern or practice of noncompliance with the requirements" of § 2605. *See* 12 U.S.C. § 2605(f)(1). Here, Plaintiff alleges in his complaint:

> As a proximate result of the negligent conduct of Defendants and their failures as alleged herein, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all in the amount to be established at trial. Plaintiff seeks to recover all possible damages Plaintiff is entitled to recover pursuant to RESPA, including statutory and punitive damages if possible.

(Compl. ¶ 44.)

To state a claim under RESPA, many courts have read § 2605 to require a showing of pecuniary damages. *See Copeland v. Lehman Bros. Bank, FSB*, 2010 WL 2817179, at *3 (S.D. Cal. July 15, 2010); *see also Molina v. Wash. Mut. Bank*, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Copeland*, 2010 WL 2817179, at *3 (quoting *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009)). The Court finds that Plaintiff has not sufficiently alleged actual or statutory damages. Specifically, Plaintiff's allegations consist only of conclusory allegations; Plaintiff fails to allege specific facts sufficient to support how Defendant Litton's alleged failure to respond to Plaintiff's QWRs resulted in pecuniary

damages. *Cf. Copeland*, 2010 WL 2817179, at *4. As such, the Court finds that Plaintiff's claim for actual damages pursuant to RESPA is not sufficiently pled.

Similarly, the Court finds that Plaintiff has insufficiently pled his RESPA claim for statutory damages. Specifically, Plaintiff has not plausibly pled a pattern or practice of noncompliance with RESPA as required by 12 U.S.C. § 2605(f)(1)(b). *Cf. Copeland*, 2010 WL 2817179, at *4; *see also Lal v. Am. Home Mortg. Servicing*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).

For those reasons, the Court **GRANTS** Defendant Litton's motion to dismiss Plaintiff's first cause of action for failing to adequately respond to Qualified Written Requests.[2]

**III.    Rescission and Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.**

Plaintiff's second cause of action is for violation of TILA, 15 U.S.C § 1601 and Plaintiff's tenth cause of action is for rescission, apparently under TILA. Plaintiff claims that he is entitled to rescission pursuant to 15 U.S.C. § 1635(a) and Regulation Z, 12 C.F.R. § 226.23(b). (Compl. ¶¶ 47, 48.) The basis for Plaintiff's claim is that Defendant Litton[3] failed to provide Plaintiff with two copies of the notice of right to cancel. (*Id.* ¶ 48.) Plaintiff also claims that Defendant Litton violated TILA and related regulations by failing to make adequate disclosures at loan origination. (*Id.* ¶ 50, 51.)

The Court finds that Plaintiff's TILA claim is time-barred. TILA provides a one-year statute of limitations period. 15 U.S.C. § 1640(e). The limitations periods commence on the date the loan transaction is consummated unless equitable tolling applies. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Under certain circumstances, equitable tolling of the limitations period may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.*

For claims of rescission under TILA, the borrower's right to rescind expires three days

---

[2] In its opposition, Defendant argues that Plaintiff's claim for failure to respond to his QWRs should be dismissed with prejudice because the QWRs were adequately responsive to Plaintiff's request for information regarding the servicing of the loans. (Opp. to MTD at 6.) The Court declines to make such a factual determination at this stage in the litigation.

[3] Though the claim is against all Defendants named in the action, for purposes of this motion, the Court addresses only the claim as it applies to Defendant Litton.

1  after the transaction. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). However, that right can be
2  extended up to three years if the creditor fails to provide certain material disclosures and two
3  copies of the consumer's Notice of Right to Cancel. 15 U.S.C. § 1635(f); 12 C.F.R. §
4  226.23(a)(3). However, the right to rescind is completely extinguished at the end of the three
5  year period. *See Beach v. Ocwen Bank*, 523 U.S. 410, 412 (1998); *see also Miguel v.*
6  *Countrywide Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).
7     In this case, Plaintiff's loan was consummated on October 31, 2006. (Def. RJN, Ex. A.)
8  Plaintiff did not file suit until January 15, 2010, well outside both the one-year and three-year
9  limitations period. Furthermore, the Court finds that Plaintiff has not adequately alleged that
10 equitable tolling may be warranted. "Equitable tolling may be applied if, despite all due
11 diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."
12 *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Plaintiff's conclusory
13 allegation that "Defendants have fraudulently concealed facts upon which the existence of
14 Plaintiffs' claims is based, and as such, the statute of limitations is equitably tolled as to this
15 Cause of Action" is insufficient. (Compl. ¶ 46.) Plaintiff fails to allege the inability to discover
16 facts through reasonable dilligence or extraordinary circumstances beyond his control. *See*
17 *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006). As such, the Court finds
18 that Plaintiff's TILA claim is time-barred and that equitable tolling is not sufficiently alleged.
19    Moreover, to the extent Plaintiff claims he is entitled to rescission because the Notice of
20 Right to Cancel failed to provide three business days in which Plaintiff may rescind the
21 transaction pursuant to 12 C.F.R. § 226.23(a)(3), the Court disagrees. Even assuming *arguendo*
22 that the disclosure requirements applied to Defendant Litton, a loan servicer, the Notice of Right
23 to Cancel complied with the requirements of TILA. The Notice of Right to Cancel states the
24 transaction date as Thursday, October 26, 2006 with a rescission date no later than Monday,
25 October 30, 2006. (*See* Pl. RJN, Exs. 1, 2). Plaintiff asserts that this Notice was deficient
26 because it only allowed for two business days to rescind, Friday, October 27, 2009 and Monday,
27 October 30, 2009. (*See* Opp. to MTD at 7.) This argument fails, however, because Plaintiff fails
28 to include Saturday, October 28, 2006 as the third business day. "For purposes of rescission

under §§ 226.15 and 226.23 . . . the term [business day] means all calendar days except Sunday and the legal public holidays specific in 5 U.S.C. 6103(a). . ." 12 C.F.R. § 226.2(a)(6).

For those reasons, the Court **GRANTS** Defendant Litton's motion to dismiss Plaintiff's TILA cause of action and claim for rescission.

### IV.  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692

Plaintiff's third cause of action for violation of the FDCPA is against Defendant Litton only. The FDCPA prohibits abusive debt collection practices. Plaintiff alleges that Defendant Litton violated 15 U.S.C. §§ 1692d[4] and 1692e[5] by taking pictures of the subject property, assuring that the property would be maintained, and twice attempting to change the locks on the home. (*See* Compl. ¶¶ 58-63.) The Court finds that it must dismiss this cause of action. Plaintiff does not allege that Defendant Litton is a debt collector under the statute. Moreover, the activities alleged appear to comprise foreclosure activity. However, foreclosure is not debt collection within the meaning of the FDCPA and therefore to the extent the allegations in the complaint comprise foreclosure, they are exempt. *See Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *6 (S.D. Cal. Oct. 30, 2008) (quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D.Or. 2002)); *see also Putkuri v. Recontrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. 2009); *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2009). For that reason, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's third cause of action for violation of the FDCPA.

### V.  State Law Claims

The remaining causes of action alleged in the complaint are state law causes of action. Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of the TILA and RESPA claims.[6] (*See* Compl. ¶ 9.) The complaint asserts no basis for diversity jurisdiction.

---

[4]  Section 1692d prohibits a debt collector from "engag[ing] in any conduct . . . to harass, oppress or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

[5]  Section 1692e provides: "A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

[6]  The federal FDCPA claim would establish federal question jurisdiction as well, though this was not pled in the complaint as a basis for federal question jurisdiction. (*See* Compl. ¶ 9.)

As such, all state law claims are before this Court pursuant to supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). "The district court may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 n.2 (9th Cir. 1997) (citing 28 U.S.C. § 1367(c)); *see also Copeland*, 2010 WL 2817179, at *6. Given that the Court has already dismissed all federal causes of action giving rise to this Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and therefore **DISMISSES** the fourth, fifth, sixth, seventh, eighth, ninth, eleventh and twelfth causes of action.

## CONCLUSION

For those reasons, the Court **HEREBY GRANTS** Defendant Litton's motion to dismiss in its entirety. The action is **DISMISSED WITHOUT PREJUDICE.** If Plaintiff wishes to do so, he may file a First Amended Complaint curing the above deficiencies <u>within 20 days of this Order being electronically docketed.</u>

IT IS SO ORDERED.

DATED: September 3, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge