UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DURLAND,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>FIELDSTONE MORTGAGE COMPANY;<br>LITTON LOAN SERVICING LP; et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10CV125 JLS (CAB)<br><br>**ORDER: (1) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS.**<br><br>(Doc. No. 13.) |

Presently before the Court are Defendant Litton Loan Servicing LP's[1] (Litton) motion to dismiss Plaintiff Joseph Durland's (Plaintiff) first amended complaint (Doc. No. 13) and request for judicial notice (Doc. No. 13-1 (Req. Judicial Notice)). Also before the Court are Plaintiff's opposition (Doc. No. 14 (Opp'n)), and Litton's reply (Doc. No. 15 (Reply)). After consideration, the Court **GRANTS** Litton's request for judicial notice and **GRANTS** Litton's motion to dismiss.

## BACKGROUND

This action arises out of an alleged note, loan, and security interest that Plaintiff obtained from Defendant Fieldstone Mortgage Company. (Doc. No. 11 (FAC) ¶ 4.) Plaintiff obtained the loan on October 6, 2006, to refinance real property that Plaintiff owned in Valley Center, CA. (*Id.* ¶¶ 1, 13.) Plaintiff commenced this action by filing a complaint in this Court on January 15, 2010, asserting twelve causes of action: (1) Violation of Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; (2) Violation of Truth-in-Lending Act, 15 U.S.C. § 1601; (3) Violation of Fair

---

[1] The other defendants in this action are not parties to the motion to dismiss.

Debt Collection Practice Act, 15 U.S.C. § 1692; (4) Violation of Rosenthal Fair Debt Collections Practice Act, Cal. Civ. Code § 1788; (5) Violation of Cal. Civ. Code § 2924; (6) Violation of Cal. Civ. Code § 2923.6; (7) Unfair Competition under Cal. Bus. & Prof. Code § 17200; (8) Negligent Misrepresentation; (9) Fraud; (10) Rescission; (11) Quasi-contract; and (12) Determination of Validity of Lien.  (Doc. No. 1 (Compl.), at 1.)

On March 23, 2010, Litton filed a motion to dismiss.  (Doc. No. 5.)  The Court granted the motion in its entirety, giving Plaintiff twenty days to amend.  (Doc. No. 10 (Order) at 9.)  Plaintiff then filed an amended complaint.  (FAC.)  This complaint is the subject of Litton's present motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible if the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a

1  defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall
2  short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the
3  Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review
4  requires context-specific analysis involving the Court's "judicial experience and common sense."
5  *Id.* at 1950 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer
6  more than the mere possibility of misconduct, the complaint has alleged—but it has not
7  'show[n]'—'that the pleader is entitled to relief.'" *Id.*

8  If a court grants a motion to dismiss, it should also grant leave to amend "'unless [it]
9  determines that the allegation of other facts consistent with the challenged pleading could not
10 possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
11 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
12 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to
13 amend.  *See id.*; *Schreiber*, 806 F.2d at 1401.

**ANALYSIS**

**1.   Litton's Request for Judicial Notice**

16 Litton requests that the Court judicially notice the following documents: the deed of trust
17 that encumbers the property at issue, the notice of default and election to sell under that deed of
18 trust, the notice of trustee's sale, two alleged qualified written requests (QWRs) sent to Litton, and
19 Litton's response to the first QWR.  (Req. Judicial Notice at 2.)

20 In ruling on a motion to dismiss, a court may consider a document not physically attached
21 to the plaintiff's pleading if its contents are alleged in the complaint and its authenticity is not
22 disputed.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), superseded by statute on
23 other grounds as stated in *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  A court
24 may also consider a document "upon which the plaintiff's complaint necessarily relies." *Id.* at
25 706.  The complaint in this matter either references or necessarily relies upon each of the
26 documents for which Litton requests judicial notice.  Plaintiff does not oppose the request, nor
27 does he challenge the authenticity of the documents. Accordingly, the Court **GRANTS** Litton's
28 request for judicial notice.

### 2.     Real Estate Settlement Procedure Act (RESPA)

Plaintiff's first claim alleges that Litton violated RESPA, 12 U.S.C. § 2605, by failing to respond to QWRs for information on his loan. (FAC ¶¶ 36–50.) RESPA requires that a loan servicer respond to a borrower's written request for information on his mortgage loan. 12 U.S.C. § 2605(e)(1)(A). If a servicer fails to adequately respond within the statutorily specified time, a borrower may sue to recover actual damages, reasonable costs, and attorney's fees. § 2605(f). A borrower may also recover up to $1,000 in statutory damages if the servicer has engaged in a "pattern or practice of noncompliance." *Id.*

In his FAC, Plaintiff seeks to recover actual damages, statutory damages, and legal fees. (FAC ¶¶ 48–49.) To that end, Plaintiff no longer summarily states, as he did in his original complaint, that Litton caused him to suffer "monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages." (Compl. ¶ 44.) Instead, as to actual damages, Plaintiff alleges that Litton's failure to comply with RESPA caused him to suffer extra "fees and charges assessed on the loan[,]" a "reduction in credit rating[,]" "emotional distress," and "missed work." (FAC ¶ 48.) As to statutory damages, Plaintiff alleges that Litton "established business procedures that [were] not designed to be responsive to specific QWRs." (*Id.* ¶ 49.) Plaintiff further alleges he expended legal fees associated with his informational requests and with the present action. (*Id.* ¶ 48.)

At the pleading stage, several courts have required that a borrower allege pecuniary loss in order to state a claim for actual damages. *See Molina v. Wash. Mut. Bank*, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010). At a minimum, this requires a borrower to establish a causal link between the alleged pecuniary losses and the servicer's failure to comply with RESPA. *Copeland v. Lehman Bros. Bank*, 2011 WL 9503, at *3 (S.D. Cal. Jan. 3, 2011); *Kariguddaiah v. Wells Fargo Bank, N.A.*, 2010 WL 2650492, at *6 (N.D. Cal. July 1, 2010). Without more, allegations of fees assessed, negative credit reporting, and emotional distress are insufficient to state a claim. *Copeland*, 2011 WL 9503, at *3; *Anokhin v. BAC Home Loan Serv., LP*, 2010 WL 3294367, at *3 (E.D. Cal. Aug. 20, 2010); *Lawther v. One W. Bank*, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010). Plaintiff fails to establish any causal relation between the alleged pecuniary losses and

1    Litton's failure to respond to his informational requests. For instance, he does not explain how
2    Litton's failure to respond caused him to incur "fees and charges . . . on the loan." Further,
3    Plaintiff does not allege any causal link between the reduction in his credit rating and Litton's
4    failure to adequately respond to his QWRs. Nor does Plaintiff allege why the reduction caused
5    him to suffer damages. A negative credit rating is not a loss at all, unless that rating "cause[s]
6    damage to the plaintiff as evidenced by, for example, failing to qualify for a home mortgage."
7    *Anokhin*, 2010 WL 3294367, at *3. And without an accompanying causal link, Plaintiff's
8    allegation of emotional distress is similarly unpersuasive. Accordingly, the Court finds that
9    Plaintiff has failed to state a claim for actual damages under RESPA.
10        In order to state a claim for statutory damages, a borrower cannot allege only that the
11    defendant engaged in a pattern of noncompliance with RESPA. *Copeland*, 2011 WL 9503, at *3;
12    *Lal v. Am. Home Serv., Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010); *Garvey v. Am. Home*
13    *Mortg. Serv., Inc.*, 2009 WL 2782128, at *2 (D. Ariz. Aug. 31, 2009). Plaintiff, however, offers
14    little more than this. Without adequate factual support, Plaintiff has failed to state a claim for
15    statutory damages under RESPA.
16        Lastly, Plaintiff's allegation that he incurred legal costs is insufficient on its own because
17    "[i]f such were the case, every RESPA suit would inherently have a claim for damages built in."
18    *Lal*, 680 F. Supp. 2d at 1223.
19        Plaintiff fails to adequately allege actual damages, statutory damages, or legal fees. As a
20    result, he fails to state a claim under RESPA.
21    **3.    Rescission and Truth-in-Lending Act (TILA)[2]**
22        Under TILA, a borrower may rescind a loan or recover damages if the lender fails to
23    disclose certain terms at closing. 15 U.S.C. § 1601. Plaintiff seeks to do both. (*See* FAC
24    ¶¶ 52–63, 139–43.)
25        A borrower's right to rescind his loan under TILA expires three days after the transaction.
26    15 U.S.C. § 1635(a). That right can be extended up to three years, however, if the creditor fails to
27
28        [2] Plaintiff asserts the TILA claim against all defendants named in the action. For purposes of this motion, however, the Court addresses the claim only as it applies to Litton.

1 provide certain material disclosures and two copies of the consumer's notice of right to cancel. *Id.*
2 § 1635(f). If extended, the right to rescind is completely extinguished at the end of the three year
3 period. *See Beach v. Ocwen Bank*, 523 U.S. 410, 412 (1998); *see also Miguel v. Countrywide*
4 *Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). In other words, "equitable tolling does not
5 apply to" rescission claims under TILA, "even if the lender never made the required disclosures."
6 *Morfin v. Accredited Home Lenders*, 2010 WL 391838, at *4 (S.D. Cal. Jan. 26, 2010).

7 A borrower alleging damages under TILA must bring his claim within one year of the
8 occurrence of the alleged violation. 15 U.S.C. § 1640(e). Under limited circumstances, however,
9 equitable tolling may apply to "suspend the limitations period until the borrower discovers or ha[s]
10 reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA
11 action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). A plaintiff who seeks equitable
12 tolling must establish that "despite all due diligence, [he] was unable to obtain vital information
13 bearing on the existence of the claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir.
14 2000).

15 As the Court found in its previous Order, the parties consummated the loan on October 31,
16 2006. (Order at 7.) Plaintiff did not file his lawsuit until January 2010, at which time both the
17 one- and three-year limitations periods had lapsed. (*Id.*) Thus, Plaintiff's rescission claim is time-
18 barred. His damages claim is also time-barred unless equitable tolling applies.

19 At the pleading stage, a plaintiff seeking the benefit of equitable tolling must allege facts
20 sufficient to demonstrate that he could not have "discovered the alleged violations by exercising
21 reasonable diligence." *Copeland*, 2011 WL 9503, at *6. In an attempt to plead equitable tolling,
22 Plaintiff's FAC alleges that Litton failed to provide him with a complete set of the loan documents,
23 falsified the date on the loan documents, hid "material terms" within a "large stack of
24 documents[,]" and "rushed" him as he signed the loan. (FAC ¶ 53.) He also alleges that he
25 diligently tried to discover his claims by (1) requesting documentation from Litton that "could
26 have provided [him] with the information related to violations of TILA at an earlier date"; and (2)
27 attempting to negotiate a resolution of the matter. (*Id.* ¶ 54.)
28 ///

Plaintiff fails to adequately plead equitable tolling because he does not offer any facts showing that, despite all due diligence, he was unable to obtain "vital information bearing on the existence of his claim." *Santa Maria*, 202 F.3d at 1178. Although Plaintiff alleges that Litton hid loan terms in a stack of documents and rushed him during closing, he does not explain why these actions prevented him from suing until over three years after the loan transaction and two years after the statute of limitations had expired. Similarly, Plaintiff's failure to request documentation from Litton within the limitations period seriously undermines his contention that he acted diligently in so requesting. *See Copeland*, 2011 WL 9503, at *7 (concluding that plaintiff did not act "diligently" in sending a QWR to defendant almost six months after TILA's limitations period had expired). Without more, Plaintiff has failed to allege sufficient facts to establish that equitable tolling is warranted.

**4.     Fair Debt Collection Practices Act (FDCPA)**

In his third cause of action, Plaintiff alleges that Litton violated FDCPA §§ 1692(d) and 1692(e). Section 1692(d) prohibits a debt collector from "engag[ing] in any conduct . . . to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Section 1692(e) provides that a "debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692(e).

In his FAC, Plaintiff alleges that Litton's actions constituted "debt collection" under the FDCPA because "they were not solely directed to foreclosing but also to pressuring [him] into making further payments, and also included other unlawful activities." (FAC ¶ 71.) In so alleging, however, Plaintiff ignores the conclusions reached by the Court in its prior Order, namely, that "foreclosing on [a] property" under a deed of trust "is not collection of the debt within the meaning of the" FDCPA. *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008) (quoting *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)); *see also Gamboa v. Trustee Corps.*, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009) ("[T]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of . . . the FDC[P]A."); *accord Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009). Litton's subjective intent while foreclosing is

immaterial because the activity itself, foreclosing, is not debt collection under the FDCPA. Any other conclusion would lead to the paradox that foreclosure activity is not debt collection under the FDCPA, except when it is. For these reasons, Plaintiff fails to state a claim under the FDCPA upon which relief can be granted.

**5. State Claims**

Having dismissed the claims underlying this Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Litton's motion to dismiss as to the RESPA, TILA, and FDCPA claims. Those claims are **DISMISSED WITH PREJUDICE**. The Court declines supplemental jurisdiction over the remaining state claims. The Clerk **SHALL** close the case.

**IT IS SO ORDERED.**

DATED: March 1, 2011

Honorable Janis L. Sammartino
United States District Judge